UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Vonetta Solomon )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Trans Union, LLC )<br>    *Defendant* )<br>Serve: )<br>    The Prentice Hall Corp. System )<br>    421 West Main Street )<br>    Frankfort, KY 40601 )<br> )<br>Equifax Information Services, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    421 West Main Street )<br>    Frankfort, KY 40601-1550 ) | Case No. 3:16-CV-652-JHM |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is a complaint for damages for Defendant Trans Union, LLC's ("Trans Union") and Equifax Information Services, LLC's ("Equifax") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies. In particular, Trans Union and Equifax breached their duty of maximum possible accuracy by failing to update consumer credit reports it furnished to users of its reports to reflect that judgments against Ms. Solomon had been vacated. As a result of Trans Union's and Equifax's breach of their statutory duty, Ms. Solomon has been denied credit and had to pay more for credit.

### Jurisdiction and Venue

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## Parties

3.    Plaintiff Vonetta Solomon is a natural person who resides in Jefferson County, Ky. Ms. Solomon is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.    Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

5.    Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

## Statement of Facts

6.    In order to right her financial ship for as smooth a retirement as possible, Ms. Solomon filed a Chapter 7 Bankruptcy petition on March 18, 2014 in the Western District of Kentucky Bankruptcy Court.

7.    One of the debts she listed in Schedule F of her bankruptcy petition was a debt to Cash Express, LLC.

8.    On February 7, 2014, Cash Express filed a collection action against Ms. Solomon in Jefferson District Court Case No. 14-C-001575, which was about a month before Ms. Solomon filed her bankruptcy petition.

9.    Despite the automatic stay under 11 U.S.C. §362, Cash Express moved for and was granted a default judgment against Ms. Solomon on April 8, 2014.

10.    Ms. Solomon has no recollection of being served a copy of Cash Express's motion for default judgment.

11.    The Bankruptcy Court entered a discharge in Ms. Solomon's case on June 24, 2014.

12.    After the discharge, Ms. Solomon discovered that the Cash Express judgment had been entered against her.

13.    On June 10, 2016, Ms. Solomon, by counsel, moved the Jefferson District Court to vacate the Cash Express judgment.

14. In moving to vacate the judgment, Ms. Solomon argued that allowing the Cash Express to remain of public record was prejudicial to her because the judgment was appearing on her consumer credit reports, which could lower her credit score by up to 40 points.

15. As explained on the Credit Karma website, which is run by Trans Union, LLC:

> Adverse public records included on your credit report can have severe negative effects your credit score. Generally, only time can lessen the impact of a public record on your credit report. Most public records can remain on your credit report for seven years. However, certain types of public records may remain for longer periods. For example, bankruptcies may remain on your report for ten years, and an unpaid tax lien could remain on your credit indefinitely.

https://www.creditkarma.com/article/public-records-on-credit-report (visited May 1, 2016).

16. And "[i]t's estimated that each judgment and collection account entry can reduce a FICO score from 15 to 40 points. The severest detrimental effects come from entries that involve public records, such as judgments, and information from an original creditor, such as tradeline information." Dana Neal, http://www.bestcredit.com/credit-ratings-advanced-strategies-for-fico-scoring (visited July 3, 2015).

17. Finally, as confirmed by the Fair Isaac Corporation ("FICO"), which is responsible for the vast majority of credit scoring in this country, "adverse public records, which include [judgments] are considered by the FICO score. Your score can be affected by the mere presence of an adverse public record, whether paid or not." http://www.myfico.com/crediteducation/questions/public-records.aspx (visited July 3, 2015).

18. On June 17, 2016, the Jefferson District Court vacated Cash Express's judgment.

19. After the judgment was vacated, Ms. Solomon applied for and was denied credit.

20. After being denied credit, Ms. Solomon reviewed her credit reports from Equifax and Trans Union for possible errors to see what she might do to improve her credit score.

21. Ms. Solomon discovered incorrect information concerning two different judgments appearing on her Trans Union and Equifax consumer credit reports:[1]  1) the Cash Express judgment in Jefferson District Court Case No. 14-C-001575, and 2) a judgment in favor of William Beaumont Hospital in Detroit District Court Case No. 10120102GC.

---

[1] Ms. Solomon also pulled a copy of her consumer credit report from Experian Information Solutions, Inc. ("Experian"), but her Experian consumer credit report correctly reported the judgment information in the public record section of her credit report.

22. The William Beaumont judgment information was particularly surprising because Ms. Solomon had paid that judgment in full before filing bankruptcy. The judgment appeared as satisfied on the tri-merged consumer credit report Ms. Solomon obtained prior to filing bankruptcy.

23. Equifax was falsely reporting in the public-record section of Ms. Solomon's consumer credit report that William Beaumont judgment remained unsatisfied with an amount due of $704 and that the Cash Express judgment remained in force with an amount due of $576.

24. Trans Union was falsely reporting in the public-record section of Ms. Solomon's consumer credit report that William Beaumont judgment remained unsatisfied with an amount due of $704 and that the Cash Express judgment remained in force with an amount due of $576. But Trans Union was reporting that the William Beaumont judgment had been discharged in Ms. Solomon's Chapter 7 Bankruptcy case.

25. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

26. Ms. Solomon was denied credit as a direct result of Trans Union's and Equifax's failure to "assure maximum possible accuracy of the information" in the public-record section of Ms. Solomon's consumer credit report that it furnished to users of its reports.

27. Trans Union failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with falsely and inaccurately including the vacated Cash Express judgment in the public-record section of Ms. Solomon's consumer credit reports it furnished to users of its reports.

28. Equifax failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with falsely and inaccurately including the vacated Cash Express judgment and the William Beaumont judgment in the public-record section of Ms. Solomon's consumer credit reports it furnished to users of its reports.

### Claims

**I.     Claim against Trans Union, LLC**

29. Plaintiff Vonetta Solomon states each of the allegations in the preceding paragraphs as if fully set forth herein.

30. Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it furnished to users concerning Ms. Solomon and the Cash Express judgment.

31. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable to Ms. Solomon under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with reasonable attorney's fees and costs. Trans Union was on clear and plain notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue have been filed against Trans Union in this and other jurisdictions for the same failure. *See e.g. Soutter v. Trans Union, LLC*, Case No. 3:10-cv-515 (E.D.Va.)

32. In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable to Ms. Solomon under 15 U.S.C. § 1681o for her actual damages, along with reasonable attorney's fees and costs.

### II.     Claims against Equifax Information Services, LLC

33. Plaintiff Vonetta Solomon states each of the allegations in the preceding paragraphs as if fully set forth herein.

34. Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it furnished to users concerning Ms. Solomon and the Cash Express judgment.

35. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable to Ms. Solomon under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with reasonable attorney's fees and costs. Trans Union was on clear and plain notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue have been filed against Trans Union in this and other jurisdictions for the same failure. *See e.g. Soutter v. Equifax Information Services, LLC*, Case No. 3:10-cv-107 (E.D.Va.)

36. In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable to Ms. Solomon under 15 U.S.C. § 1681o for her actual damages, along with reasonable attorney's fees and costs.

### Prayer for Relief

**WHEREFORE**, Plaintiff Vonetta Solomon requests that the Court grant her the following relief:

1. Award the maximum amount of statutory damages under 15 U.S.C. §1681n;

2. Award Plaintiff Attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages under 15 U.S.C. §1692n or, in the alternative, under 15 U.S.C. § 1681o;

4.	Award Plaintiff punitive damages under 15 U.S.C. § 1681n;

5.	A trial by jury; and

6.	Any other relief to which Plaintiff may be entitled.

>	Respectfully submitted,
>
>	/s/ James H. Lawson
>	**James H. Lawson**
>	*Lawson at Law, PLLC*
>	115 S. Sherrin Avenue
>	Suite #4
>	Louisville, KY 40207
>	Tel:	(502) 473-6525
>	Fax:	(502) 473-6561
>	james@kyconsumerlaw.com